## BROWN v BRAUCHY

Ohio Appeals, 5th Dist, Stark Co
No 1101. Decided Oct.      , 1930

Burt, Kennison, Carson & Shadrach, Canton, for Brown.

Amerman & Mills, Canton, for Brauchy.

WASHBURN, J. (9th Dist) sitting in place of HOUCK, J.

LEMERT, J.

We note from the record that after the Court had given certain special requests by the defendant below, and after the Court had fully charged the Jury, that the defendant below then requested the trial Court to further charge upon the question of agency. Counsel for defendant below did not prepare any form of charge, but merely suggested to the Court that the Jury should be charged further on the question of agency.

It was claimed by counsel for the defendant that the grandfather had the custody of the child at said time and it was negligence on his part in permitting the child to go to the mailbox and that such negligence would prevent a recovery in the case.

From an examination of the record and a careful inspection of the evidence convinces us that the Court below was right in refusing to give further instruction along the line requested, for the reason that we do not believe that it was negligence on the part of the grandfather or anyone else in permitting said child to accompany the other children to the mailbox, and further, for the reason that such permission could not and would not be of and in itself the proximate cause of the injury and death of the child.

We therefore believe that the court was fully justified, for this reason alone, in refusing to give such charge, after looking to the evidence and the circumstances in the case, but we note that there were three special requests given by the trial Court to the Jury, separate and apart from the general charge and such requests were given at the request of the defendant below, one of said requests being in the following language:

> "I charge you that the pleadings and evidence discloses that plaintiff and his former wife are the only next of kin of the deceased, and if you find that the plaintiff or his agents were guilty of negligence, which contributed to the death of the deceased, then your verdict must be for the defendant."

We therefore find and believe that the requests made by counsel for the defendant, after the general charge had been given, was completely and fully covered by special request No. 1 given by the Court at the request of defendant below.

There being no other errors claimed or presented in this case, it therefore follows that the finding and judgment in the Court below will be and the same hereby is affirmed. Exceptions may be noted.

Sherick, J, and Washburn, J, concur.